UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES STEWART, *et al.*,

    Plaintiffs,

    v.

GOGO, INC.,

    Defendant.

_____/

No. C-12-5164 EMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF**

**(Docket No. 38)**

    Plaintiffs James Stewart, Joel Milne, and Joseph Strazullo have filed a class action against Defendant Gogo, Inc., asserting that it has violated, *inter alia*, federal antitrust law because it has an unlawful monopoly in the "United States market for inflight internet connectivity on domestic commercial aircraft." FAC ¶ 1; *see also* FAC ¶ 12. Currently pending before the Court is Plaintiffs' motion for administrative relief. In the motion, Plaintiffs ask the Court to extend the time for them to file their first amended complaint. More specifically, Plaintiffs ask that the deadline be extended until two weeks after Gogo has produced all documents responsive to Plaintiffs' first set of document requests.

    In evaluating the request for relief, the Court takes into account the following procedural history:

- On January 17, 2013, the Court held the initial case management conference in the case. The parties agreed to mediate the matter privately within 120 days after a ruling on Gogo's motion to dismiss the first amended complaint. The Court permitted limited written discovery in order to facilitate mediation. *See* Docket No. 24 (civil minutes). As discussed

below, Plaintiffs did not initiate any discovery until after the Court granted Gogo's motion to dismiss.

- Shortly after the initial case management conference, Gogo filed its motion to dismiss, in which it argued, *inter alia*, that Plaintiffs improperly focused on the number of airplanes that were actually equipped to provide internet access. According to Gogo, Plaintiffs should have included in their analysis planes that could be equipped. *See* Docket No. 25 (motion).

- On April 10, 2013, the Court issued an order granting Gogo's motion to dismiss. The Court agreed with Gogo that planes not actually equipped should be considered as part of the analysis as it appeared that the contracts at issue bound airlines on an aircraft-by-aircraft basis, and not, *e.g.*, on an airline-wide basis. *See* Docket No. 37 (Order at 2). The Court gave Plaintiffs leave to amend by May 10, 2013. *See* Docket No. 37 (Order at 9).

- On April 22, 2013 – approximately two weeks later – Plaintiffs for the first time served document requests on Gogo. *See* Mot. at 1. In the first request, Plaintiffs asked Gogo to produce agreements that Gogo had with airlines pursuant to which Gogo was to offer airline Wifi service. In the second request, Plaintiffs asked Gogo to produce documents concerning "all airlines' obligations of exclusive dealing with GOGO." Katriel Decl., Ex. 2 (Document Request No. 2).

- On April 30, 2013 – approximately a week later – Plaintiffs filed their currently pending motion in which they ask for the deadline for filing the amended complaint to be deferred until after Gogo has produced responsive documents.

Given the above history, the Court is not without some sympathy for Gogo's arguments. Nevertheless, at the end of the day, it is not persuaded by those arguments. For example, while Gogo argues that Plaintiffs should not be allowed to use discovery in the hopes of uncovering a claim, that argument fails to take into account that Plaintiffs have developed some evidence indicating that at least some of Gogo's contracts with airlines might not be on an aircraft-by-aircraft basis.[1] Moreover, the Court previously permitted written discovery for purposes of mediation and, if

---

[1] Gogo's April 2013 SEC filing was not made until after the Court issued its order on the motion to dismiss.

that discovery also has relevance for the amended complaint, then, as a practical matter, it makes sense for the amended complaint to be filed after the discovery has been provided.

The Court therefore shall extend the time for Plaintiffs to file an amended complaint until two weeks after Gogo has provided responsive documents. At this juncture, however, the Court shall require Gogo to produce documents in response to the first document request, and not the second. The Court previously permitted only narrowly tailored written discovery, and the second document request does not meet this criteria.

Accordingly, the Court **GRANTS** in part and **DENIES** in part Plaintiffs' motion for administrative relief.

This order disposes of Docket No. 38.

IT IS SO ORDERED.

Dated: May 7, 2013

_____
EDWARD M. CHEN
United States District Judge