James Donato (SBN 146140)
Mikael A. Abye (BN 233458)
SHEARMAN & STERLING LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111-5994
Telephone:    (415) 616-1100
Facsimile:      (415) 616-1199
Email: jdonato@shearman.com
           mabye@shearman.com

Attorneys for Defendant
GOGO INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES STEWART, JOEL MILNE, and JOSEPH STRAZZULLO On Behalf of Themselves and All Others Similarly Situated,<br><br>            Plaintiffs,<br><br>        v.<br><br>GOGO INC.,<br><br>            Defendant. | Case No. 12-cv-05164-EMC<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Courtroom:   5<br>Judge:           Hon. Edward M. Chen |

# PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters the following Stipulated Protective Order ("Stipulated Protective Order") limiting the disclosure and use of certain discovered information as hereinafter provided.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge that this Stipulated Protective Order does not necessarily entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

IT IS HEREBY ORDERED THAT:

**1.      Scope of Stipulated Protective Order**

a)      Any Party or non-party that is required to produce documents or information in discovery in this case may designate material produced as "Confidential Information" or "Highly Confidential Information" pursuant to this Stipulated Protective Order. The designation of information as Confidential Information or Highly Confidential Information shall constitute a representation that such document or information has been reviewed and that the Producing Party has a good faith basis that the designation satisfies the definitions contained herein. The procedures set forth herein shall be employed for all documents and information so designated and the disclosure and use of such Confidential Information shall be subject to this Stipulated Protective Order.

//

//

**2.     Definitions**

b)     CONFIDENTIAL INFORMATION as used in this Stipulated Protective Order means documents (including but not limited to written discovery responses and answers) and deposition testimony that the Producing Party designates as Confidential Information.  A Producing Party may designate as Confidential Information any document or deposition testimony that the Party reasonably believes constitutes, contains, or reflects current trade secrets, current proprietary financial and commercial information, or personal financial, medical, or prescribing information.

c)     HIGHLY CONFIDENTIAL INFORMATION as used in this Stipulated Protective Order means documents (including but not limited to written discovery responses and answers) and deposition testimony that the Producing Party designates as Highly Confidential Information.  A Producing Party may designate as Highly Confidential Information any document or deposition testimony that the Party has a reasonable good faith basis to believe constitutes, contains, or reflects highly confidential information, including but not limited to, (1) highly sensitive current trade secrets or current proprietary information, (2) highly sensitive business plans and strategies, or competitive information, and (3) highly sensitive financial performance information, which would result in substantial competitive harm to the Producing Party unless restricted as set forth in Paragraph 7 of this Stipulated Protective Order.

d)     OUTSIDE COUNSEL as used in this Stipulated Protective Order means the law firms that are counsel of record in this litigation, including their associated attorneys, and other persons regularly employed by such law firms, and temporary personnel retained by such law firms to perform legal or clerical duties, or to provide logistical litigation support; provided that no person who is or becomes a director, officer or employee of a Party shall be considered Outside Counsel.

e)     OUTSIDE CONSULTANT as used in this Stipulated Protective Order means any person who:  (i) is retained by a party as a consultant solely for purposes of this litigation; (ii) at the time of retention, is not an employee or consultant of the retaining party for non-litigation purposes; (iii) agrees not to become an employee or consultant of the retaining party for non-litigation purposes for a period of one year following the resolution of this litigation; and (iv) agrees to be bound by the terms of this Stipulated Protective Order by executing Attachment A hereto.

1  Each Party's Outside Consultant shall be limited to such persons as, in the judgment of that
2  Party's Outside Counsel, are reasonably necessary for development and presentation of that Party's
3  case as a testifying or non-testifying expert.

4  f) CHALLENGING PARTY as used in this Stipulated Protective Order means
5  a Party or non-party who challenges the designation of information or items under this Order.

6  g) DESIGNATING PARTY as used in this Stipulated Protective Order means a
7  Party or non-party who designates information or items that it produces in disclosures or in response
8  to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

9  h) DISCLOSURE or DISCOVERY MATERIAL as used in this Stipulated
10 Protective Order means all items or information, regardless of the medium or manner in which it is
11 generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible
12 things), that are produced or generated in disclosures or response to discovery in this matter.

13 i) EXPERT as used in this Stipulated Protective Order means a person with
14 specialized knowledge or experience in a matter pertinent to the litigation that (1) has been retained
15 by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a
16 past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not
17 anticipated to become an employee of a Party or a Party's competitor.

18 j) HOUSE COUNSEL as used in this Stipulated Protective Order means
19 attorneys who are employees of a Party.  House Counsel does not include Outside Counsel of
20 Record or any other outside counsel.

21 k) OUTSIDE COUNSEL OF RECORD as used in this Stipulated Protective
22 Order means attorneys who are not employees of a Party but are retained to represent or advise a
23 Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which
24 has appeared on behalf of that Party.

25 l) PARTY as used in this Stipulated Protective Order means any party to this
26 action, including all of its officers, directors, employees, consultants, retained experts, and Outside
27 Counsel of Record (and their support staffs).
28

   m) PRODUCING PARTY as used in this Stipulated Protective Order means any Party or non-party producing discovery or disclosures in this action, as well as any persons and individuals that provide litigation support services to such Party or non-party (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

   n) PROTECTED MATERIAL as used in this Stipulated Protective Order means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

   o) RECEIVING PARTY as used in this Stipulated Protective Order means any Party that receives Disclosure or Discovery Material from a Producing Party.

**3. Duration**

   a) Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**4. Designation of Information**

   a) Documents and things produced by a Party or non-party during the course of this litigation shall be designated as containing Confidential Information or Highly Confidential Information by placing on each page and each thing a legend as follows:

```
                CONFIDENTIAL INFORMATION
              SUBJECT TO PROTECTIVE ORDER
                           or
            HIGHLY CONFIDENTIAL INFORMATION
              SUBJECT TO PROTECTIVE ORDER
```

   b) During discovery, a Designating Party shall have the option to require that all or certain documents and things be treated as containing Confidential Information or Highly

Confidential Information and to make its designations as to particular documents and things at the time copies of documents and things are produced.

**5. Exercise of Restraint and Care in Designating Material for Protection**

a) Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

b) The Parties shall use reasonable care to avoid designating as Confidential Information or Highly Confidential Information any document or information which is not entitled to such designation or which is generally available to the public. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burden on other parties) are prohibited.

c) If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

d) A Party may designate information disclosed at a deposition as Confidential Information or Highly Confidential Information by requesting the court reporter to so designate the transcript or specific portions thereof at the time of the deposition, or within fifteen (15) business days after receipt of the transcript by providing written notice (in an email or other written notice) of such designation to counsel of record for the Receiving Party. Pending the designation, if any, at the end of that period, the transcript shall be treated as "Highly Confidential Information." If no designation occurs within fifteen (15) business days, the Parties agree that the transcript will be

deemed neither Confidential nor Highly Confidential.

  e) A Party may designate discovery responses, responses to interrogatories and requests for admission, briefs, memoranda and all other papers filed with the Court or served on opposing counsel as containing Confidential Information or Highly Confidential Information when such papers are filed or served.

  **6.**  **Disclosure, Use and Handling of Confidential Information**

  a) Confidential Information may only be used for the purposes of the above-captioned action, and for no other purpose.

  b) A Receiving Party may disclose Confidential Information of another Party or a non-party only to: (1) Outside Counsel; (2) Outside Consultants; (3) authors, addressees, and recipients of the Confidential Information, including (A) directors, officers, and employees of a business entity to the extent that the Confidential Information was authored by, addressed to, or received by the business entity, and (B) witnesses designated to testify for a business entity under Fed. R. Civ. P. 30(b)(6) to the extent that the Confidential Information was authored by, addressed to, or received by directors, officers, or employees of the business entity and is relevant to the subjects on which the witness is designated to testify for the business entity; (4) current and former directors, officers, and employees of the Producing Party, provided that no copies are retained by former directors, officers, or employees; (5) outside photocopying, document storage, data processing, or graphic production services employed or retained by the Parties or by Outside Counsel to assist in this litigation; (6) court reporters, including stenographers and video technicians; (7) the Court and any persons employed by it; and (8) the named parties, or directors, officers, employees, or agents of Defendant Gogo Inc. ("Gogo"), to the extent necessary to the prosecution or defense of the case, provided that each such individual is bound by the terms of this Stipulated Protective Order. All documents, transcripts, or other materials containing Confidential Information shall be maintained at the offices of the Parties' counsel appearing as of record in this action and at any other location where they are reasonably necessary for the conduct of this case, such as nearby deposition and trial locations, at a document depository or document review location, or at the location of an Outside Consultant. Notwithstanding any other provision in this

Order, Confidential Information of a Producing Party shall not be maintained or stored at the business offices or premises of the Receiving Party.

   c) In addition to the uses of Confidential Information set forth in Paragraphs 6(b)(1) – 6(b)(8), if a Receiving Party intends to use Confidential Information during the deposition questioning of a deponent that does not fall into a description encompassed by Paragraphs 6(b)(1) – 6(b)(8), the Receiving Party shall, no later than 7 days prior to the noticed deposition date, inform in writing to all counsel of record for the Designating Party of the Receiving Party's intent to use such Confidential Information during the deposition. If the Designating Party does not object or does not respond to the written notice provided by the Receiving Party, the Receiving Party shall be free to use the Confidential Information during the deposition. If the Designating Party objects to such use and the Parties are unable to resolve their disagreement, the Designating Party may move for a protective order or such further relief to seek to prevent the use of such Confidential Information during the deposition questioning. Should the Designating Party inform the Receiving Party of its intent to move for such a protective order, the Receiving Party may not use the Confidential Information during the deposition at issue until the matter has been resolved by the Court. If the Designating Party does not file its moving papers seeking the protective order within 21 days of notifying the Receiving Party, the Receiving Party may use the Confidential Information during the deposition at issue. In no event will a deponent be permitted to retain any Confidential Information following the conclusion of the deposition.

   d) Documents, papers, and transcripts filed with the Court which contain information designated as Confidential Information shall be filed in a sealed envelope which shall include a cover sheet taped to the outside which provides the caption of the case and a statement substantially in the following form:

> This envelope contains documents which have been designated as CONFIDENTIAL INFORMATION pursuant to the Protective Order entered in this case and is not to be opened or its contents revealed absent a Court Order or stipulation of the Parties.

   e) All documents, including attorney and Outside Consultant notes and abstracts,

1  that contain another Party's Confidential Information shall be handled as if they were designated
2  pursuant to this section.

3        **7.**      **Disclosure, Use and Handling of Highly Confidential Information**

4        a)      Highly Confidential Information may only be used for the purposes of the
5  above-captioned action, and for no other purpose.

6        b)      A Receiving Party may disclose Highly Confidential Information of another
7  Party or a non-party only to: (1) Outside Counsel; (2) Outside Consultants; (3) authors, addressees,
8  and recipients of the Highly Confidential Information, including (A) directors, officers, and
9  employees of a business entity to the extent that the Highly Confidential Information was authored
10  by, addressed to, or received by the business entity, and (B) witnesses designated to testify for a
11  business entity under Fed. R. Civ. P. 30(b)(6) to the extent that the Highly Confidential Information
12  was authored by, addressed to, or received by directors, officers, or employees of the business entity
13  and is relevant to the subjects on which the witness is designated to testify for the business entity;
14  (4) current and former directors, officers, and employees of the Producing Party, provided that no
15  copies are retained by former directors, officers, or employees; (5) court reporters, including
16  stenographers and video technicians; (6) outside photocopying, document storage, data processing
17  or graphic production services employed or retained by the parties or by Outside Counsel to assist
18  in this litigation; (7) Margee Elias, General Counsel of Gogo; and (8) the Court and any persons
19  employed by it. All documents, transcripts, or other materials containing Highly Confidential
20  Information shall be maintained at the offices of the Parties' counsel appearing as of record in this
21  action and at any other location where they are reasonably necessary for the conduct of this case,
22  such as nearby deposition and trial locations, at a document depository or document review
23  location, or at the location of an Outside Consultant.

24        c)      Documents, papers, and transcripts filed with the Court which contain
25  information designated as Highly Confidential Information shall be filed in a sealed envelope which
26  shall include a cover sheet taped to the outside which provides the caption of the case and a
27  statement substantially in the following form:

28        This envelope contains documents which have been designated as

HIGHLY CONFIDENTIAL INFORMATION pursuant to the Protective Order entered in this case and is not to be opened or its contents revealed absent a Court Order or stipulation of the Parties.

    d)    All documents, including attorney and Outside Consultant notes and abstracts, that contain another Party's Highly Confidential Information shall be handled as if they were designated pursuant to this section.

**8.    Protected Material Subpoenaed or Ordered Produced in Other Litigation**

    a)    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential" that Party must:

    (1)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

    (2)    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (3)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

    b)    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" or "Highly Confidential" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

//

//

**9. A Non-Party's Protected Material Sought to be Produced in this Litigation**

a) The terms of this Order are applicable to information produced by a non-party in this action and designated as "Confidential" or "Highly Confidential." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

b) In the event that a Party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the Party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the Party shall:

(1) Promptly notify in writing the Requesting Party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

(2) Promptly provide the non-party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) Make the information requested available for inspection by the non-party.

c) If the non-party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the non-party's confidential information responsive to the discovery request. If the non-party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10. Inadvertent Failure to Designate**

a) In the event that a Producing Party inadvertently fails to designate its information, it may later designate by notifying the Receiving Party in writing. The Receiving

Party shall take reasonable steps to see that the information at issue is thereafter treated in accordance with the designation, and late designation shall not be deemed a waiver of the confidential status of the information at issue, except as provided in Paragraph 5(c) of this Stipulated Protective Order.

   b) No person or Party shall incur any liability hereunder with respect to disclosure which occurred prior to receipt of written notice of a belated designation. This Stipulated Protective Order shall have no application with respect to disclosure which occurred prior to receipt of written notification of a belated designation.

  **11.** **Challenge to Designations**

   a) A Receiving Party may challenge a Producing Party's designation at any time. A failure of any Party to expressly challenge a designation shall not constitute a waiver of the right to assert at a subsequent time that a designation is not in fact appropriate for any reason.

   b) Any Receiving Party disagreeing with the designation of any information received from the Producing Party as Confidential Information or Highly Confidential Information, and desiring to disclose or to permit disclosure of the same other than as permitted in the Stipulated Protective Order, may request in writing that the Producing Party change the designation. The Producing Party shall then have ten (10) business days from the date of receipt of the notification to: (i) advise the Receiving Party whether or not it will change the designation; and (ii) if it will not change that designation, to explain the reasons for the particular designation.

   c) If the Producing Party denies a request made under Paragraph 11(b), the Receiving Party may then move the Court for an order removing or changing the designation; provided, however, that no disclosure of designated information shall be made prior to an order by the Court permitting such disclosure. If such a motion is made, the Producing Party shall have the burden to establish that the designation is proper.

   d) Information shall not be considered confidential if:

    (1) the information in question has become available publicly or was otherwise disclosed to the public through no violation of this Stipulated Protective Order; or

      (2)    the information was lawfully known to the Receiving Party prior to its receipt from the Producing Party, or was independently developed by the Receiving Party.  This includes any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; or

      (3)    the information was received by the Receiving Party from a non-party having the right to make such a disclosure.

**12.  Inadvertent Disclosure**

a)  In the event of an inadvertent disclosure of another Party's Confidential Information or Highly Confidential Information, as defined by this Stipulated Protective Order, the Party making the inadvertent disclosure shall, upon learning of the disclosure:

      (1)    promptly notify the person to whom the disclosure was made that it contains Confidential Information or Highly Confidential Information subject to this Stipulated Protective Order;

      (2)    promptly make all reasonable efforts to obtain the return of and preclude dissemination or use of the Confidential Information or Highly Confidential Information by the person to whom disclosure was inadvertently made; and

      (3)    within five (5) days, notify the Producing Party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

**13.  Non-Party Information**

a)  Discovery in this proceeding of a non-party may involve disclosure of its Confidential Information or Highly Confidential Information, which, if designated pursuant to Paragraph 4, shall be subject to the provisions of the Stipulated Protective Order and provide the

non-party with all of the rights and obligations of a Party to this Stipulated Protective Order.

14. **Communications and Drafts Involving Outside Consultants**

a) The following types of information shall not be the subject of discovery: (1) the content of communications among and between: (a) counsel and Outside Consultants, whether such Outside Consultants are serving as testifying or non-testifying experts; (b) Outside Consultants and other Outside Consultants; and/or (c) Outside Consultants and their respective staffs, and (2) notes, drafts, written communications or other types of preliminary work created by, or for, Outside Consultants. The foregoing exclusions from discovery will not apply to any communications or documents upon which testifying Outside Consultants rely as a basis for their opinions or reports.

15. **Hearings and Trial**

a) Nothing herein shall restrict the right of any Party to use Confidential Information or Highly Confidential Information at a hearing or at trial. In the event of a hearing or trial in this matter in which any Party presents Confidential Information or Highly Confidential Information to the Court or a jury, adequate safeguards will be put into place to protect against the dissemination of such information to outside parties, including closing the portion of the hearing or trial that involves the presentation of Confidential Information or Highly Confidential Information. In the event of a hearing or trial, the Parties shall meet and confer and agree upon the least intrusive means to protect such information.

16. **Filing Designated Information Under Seal**

a) Any party wishing to file any information or materials designated confidential or pleadings, motions or other papers disclosing any information or materials designated confidential shall follow the procedures set forth in Civil L.R. 79-5 for doing so.

b) Nothing in this section shall limit or restrict any of the other provisions contained in this Stipulated Protective Order.

17. **Conclusion of Litigation**

a) Except as provided herein, within 60 days of the conclusion of this litigation,

each Party or other person subject to the terms hereof shall be under an obligation to destroy or return to the Producing Party all materials and documents containing Confidential Information or Highly Confidential Information, and to certify to the Producing Party such destruction or return. Such return or destruction shall not relieve said Parties or persons from any of the continuing obligations imposed upon them by this Stipulated Protective Order. As to those materials that contain or reflect counsel's work product, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Stipulated Protective Order. Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information or Highly Confidential Information, so long as such pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits), in accordance with the provisions of this Stipulated Protective Order, are clearly marked to reflect that they contain information subject to this Stipulated Protective Order, and maintained as such.

**18. Production of Privileged Documents or Information**

a) The production of documents or information subject to the attorney-client privilege, work product doctrine, or other privilege shall not, in itself, constitute an automatic waiver of that privilege for the document or its subject matter. Upon written notice of such production from the Producing Party, and provided that such written notice is sent no later than 60 days following the date set by the Court as the date for the close of all fact discovery, the Receiving Party shall return the documents and all copies to the Producing Party.

**19. Modification**

a) Nothing herein shall restrict the power of the Court to modify this Stipulated Protective Order or any term hereof for good cause shown. The Parties may modify this Stipulated Protective Order by stipulation filed with the Court.

//

//

//

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: July 15, 2013                                SHEARMAN & STERLING LLP

By:     /s/ Mikael Abye
              Mikael Abye

Attorneys for Defendant
GOGO INC.

DATED: July 15, 2013                                THE MEHDI FIRM

THE KATRIEL LAW FIRM

KRAUSE KALFAYAN BENINK & SLAVENS LLP


By:     /s/ Roy Katriel*
              Roy Katriel

Attorneys for Plaintiffs

**IT IS SO ORDERED.**

Date:     7/16/13

Hon. Edward M. Chen
United States District Judge

*IT IS SO ORDERED*
*Judge Edward M. Chen*

---

\* I, Mikael Abye, am the ECF User whose ID and password are being used to file this Stipulated Protective Order.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Roy Katriel has concurred in this filing.

**[ATTACHMENT A]**

**Acknowledgment and Agreement to Be Bound**

The undersigned hereby acknowledges that (s)he has read the attached Stipulated Protective Order entered in the action *Stewart v. Gogo, Inc.*, Case No. 12-cv-05164-EMC pending in the United States District Court for the Northern District of California, understands the terms thereof, and agrees to be bound by such terms. The undersigned further agrees to submit to the jurisdiction of the above-referenced Court for any action to enforce the terms of the Stipulated Protective Order.

Dated:_____     _____
                                                                                                Signature

                                                                                    _____
                                                                                              (Type or print name)

PROTECTIVE ORDER                                           CASE NO. 12-CV-05164-EMC
                                                                                                                   305608